UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHANALE ADAMS,

Plaintiff,

v.

MICHIGAN ABILITY PARTNERS,
ANN ARBOR HOUSING
COMMISSION, and
JOHN DOE,

Defendants.

_____________________________________/

Case No. 2:25-cv-13205

District Judge Brandy R. McMillion
Magistrate Judge Anthony P. Patti

**ORDER ADDRESSING MULTIPLE MOTIONS (ECF Nos. 38, 39, 43, 50) AND DIRECTING THE CLERK OF THE COURT TO FILE PLAINTIFF'S PROPOSED AMENDED COMPLAINT (ECF No. 38-1) AS AN AMENDED COMPLAINT**

## A. Background

Stephanale Adams initiated this lawsuit *in pro per* in October 2025, and he is proceeding *in forma pauperis*. (ECF Nos. 1, 2, 6.) The currently operative pleading is Plaintiff's January 30, 2026 amended complaint, which names Michigan Ability Partners (MAP), Ann Arbor Housing Commission (AAHC), and various "additional defendants." (ECF No. 11 ¶¶ 5-7.) His causes of action are based on disability discrimination, failure to accommodate, violations of the Fair Housing Act (FHA), retaliation, and negligence. (*Id.*, ¶¶ 16-31.)

On April 16, 2026, the Court conducted a video scheduling conference (*see* ECF No. 22) and subsequently entered an order addressing several matters and setting case management deadlines (ECF No. 32), *e.g.*, a discovery deadline of November 30, 2026.

**B. Discovery**

Plaintiff has propounded three sets of discovery requests. On February 20, 2026, he served fifteen interrogatories, fifteen requests to produce, and fifteen requests to admit, as well as a notice of Fed. R. Civ. P. 30(b)(6) deposition (ECF No. 43-3); on May 28, 2026, Plaintiff served initial disclosures, as well as more interrogatories, requests for production, and requests to admit (ECF No. 43-4);[1] and, on June 21, 2026, he served more interrogatories, requests for admission, and requests for production, as well as a notice of deposition *duces tecum* of Defendants (ECF No. 43-5).[2]

On or about May 18, 2026, Defendant MAP served Plaintiff with its first interrogatories (Nos. 1-17) and first requests for production of documents (Nos. 1-

[1] MAP and AAHC contend they have responded to Plaintiff's first and second sets of discovery. (*See* ECF No. 43, PageID.462-46; ECF No. 49, PageID.553.)

[2] Contrary to Fed. R. Civ. P. 30, Plaintiff's notice (*see* ECF No. 43-5, PageID.509-510) does not "state the time and place of the deposition . . . ." Fed. R. Civ. P. 30(b)(1). While the Court will not prohibit Plaintiff from taking a deposition, he must be able to do so in accordance with the Fed. R. Civ. P. 30(b)(1).

19) (*see* ECF No. 43-6) and noticed the taking of Plaintiff's deposition *duces tecum* for July 30, 2026 at 10:00 a.m. (*see* ECF No. 43-7).

**C. Pending Motions**

Currently pending before the Court are four motions: **(1)** Plaintiff's May 22, 2026 motion for leave to file an amended complaint (ECF No. 38), as to which MAP has filed a response (ECF No. 40) in which AAHC joins/concurs (ECF No. 41); **(2)** Plaintiff's June 8, 2026 motion for an extension of time to answer Defendants' discovery in its totality (ECF No. 39), as to which MAP has filed a response (ECF No. 42); **(3)** MAP's July 21, 2026 motion for a protective order (ECF No. 43), in which AAHC joined/concurred (ECF No. 49), and as to which Plaintiff's response was due on August 14, 2026 (ECF No. 46) but has yet to be submitted; and, **(4)** Plaintiff's August 18, 2026 motion for an extension of time to file responses and discovery materials related to Defendants' pending motions and requests (ECF No. 50), as to which MAP filed a response on August 31, 2026 (ECF No. 53).

On September 3, 2026, the Court conducted a hearing regarding the pending motions. (ECF Nos. 31, 44, 45, 52.) Plaintiff appeared on his own behalf, Attorney Fadi Charaf-Eddine appeared on behalf of MAP, and Attorney Matthew A. Brauer appeared on behalf of the AAHC. Consistent with that discussion, the Court issued the following rulings from the bench.

**D. Order**

Upon consideration of the motion papers and counsels' arguments and representations at the hearing, and for all the reasons stated on the record by the Court, which are hereby incorporated by reference as though fully restated herein:

**1.** Plaintiff's motion for leave to file an amended complaint (ECF No. 38) is **GRANTED**.[3] Accordingly, the Clerk of the Court is **DIRECTED** to file Plaintiff's proposed amended complaint (ECF No. 38-1) as an amended complaint, so that it is properly reflected on the docket as the new, operative pleading.

**2.** Plaintiff's motion for an extension of time to answer Defendants' discovery in its totality (ECF No. 39) is **DENIED** as proposed. No later than **September 17, 2026**, Plaintiff shall provide full and complete answers and responses – each without objections – to Defendant MAP's interrogatories and requests for production of documents (*see* ECF No. 43-6), in full compliance with Fed. Rules Civ. P. 33(b) and 34(b)(2). Moreover, Plaintiff shall appear for his deposition on **October 15, 2026 at 1:00 p.m.** at AAHC, 2000 South Industrial Highway, Ann Arbor, MI 48104. If Plaintiff does not comply with these requirements, then Defendants should seek concurrence to file a motion for sanctions, as specified in Fed. R. Civ. P. 37(b)(2)(A)(v), up to and including dismissal of the case. To be

[3] Incidentally, Plaintiff's "affidavit" or "declaration" (*see* ECF No. 38, PageID.297-298) is not validly signed.

clear, the Undersigned intends to recommend dismissal of this lawsuit if Plaintiff does not comply with the Court's order, as well as potential other sanctions. Indeed, Plaintiff should reach Fed. R. Civ. P. 37(b) ("Failure to Comply with a Court Order.") in its entirety, as well as Fed. R. Civ. P. 37(d) ("Party's Failure to Attend Own Deposition").

**3.** **<u>Other than a Fed. R. Civ. P. 41(a) ("Voluntary Dismissal.") motion, Plaintiff is not permitted to file any further motions until he has attended his deposition and answered the questions posed under oath</u>**.

**4.** MAP's motion for a protective order and/or to compel (ECF No. 43) is **GRANTED** as unopposed; in addition to the foregoing rulings regarding Plaintiff's obligations to respond to Defendant MAP's discovery efforts: (a) MAP is not required to answer Plaintiff's Third Requests to Admit, Requests for Production, or Interrogatories; (b) Plaintiff is precluded from serving any additional written discovery on MAP; and, (c) Plaintiff is precluded from engaging in future motion practice without seeking concurrence required by the Court rules and the Court's protocol. Moreover, Plaintiff is precluded from serving additional written discovery on AAHC, as he has verified on the record that he is not aware of any additional information needed from that defendant. Finally, **<u>Plaintiff must seek the Court's leave to serve any further discovery requests</u>.**

**5.** Plaintiff's motion for an extension of time to file responses and discovery materials related to Defendants' pending motions and requests (ECF No. 50) is **DENIED**.

**6.** As previously explained at the April 16, 2026 scheduling conference, and as memorialized in the resulting April 17, 2026 order (*see* ECF No. 32, PageID.235 ¶ I, PageID.238 ¶ f), Plaintiff is again reminded that he must comply with the Federal Rules of Civil Procedure, the Local Rules of the E.D. Mich., and the Undersigned's practice guidelines (*see* www.mied.uscourts.gov). In particular, at this time, he should read this Court's local rules, because several of his filings do not comply with E.D. Mich. LR 5.1's formatting requirements and/or E.D. Mich. LR 7.1's requirement for seeking concurrence. **Plaintiff is hereby warned that any filings that do not comply with these rules or with this Order will be stricken**.

**7.** Defendants' October 28, 2026 expert disclosure deadline and the deadline to complete expert discovery (*see* ECF No. 32) are hereby held in abeyance, pending Plaintiff's compliance with his own discovery obligations.

**8.** If Plaintiff does not intend to comply with any of the above, he should consider filing a motion for voluntary dismissal, consistent with Fed. R. Civ. P. 41(a) ("Voluntary Dismissal.").

**IT IS SO ORDERED.**[4]

Dated: September 3, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[4] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).