UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHANALE ADAMS,

Plaintiffs,

v.

MICHIGAN ABILITY PARTNERS, ANN ARBOR HOUSING COMMISSION, and JOHN DOE,

Defendants.

_________________________________/

Case No. 2:25-cv-13205

District Judge Brandy R. McMillion
Magistrate Judge Anthony P. Patti

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (ECF No. 56) AND MOTION TO APPOINT (ECF No. 57)**

## I. Motion to Compel (ECF No. 56)

Plaintiff's motion to compel discovery (ECF No. 56) is **DENIED WITHOUT PREJUDICE**, as the Court has recently ordered: "**Other than a Fed. R. Civ. P. 41(a) ("Voluntary Dismissal.") motion, Plaintiff is not permitted to file any further motions until he has attended his deposition and answered the questions posed under oath.**" (ECF No. 54, PageID.697 ¶ 3 (emphases in original).) It is unimaginable how he could have misunderstood this directive, but he is **HEREBY WARNED** that if he again disregards the prohibition against filing motions before giving his deposition, he will be required to show cause why he should not be held in contempt and/or sanctioned, up to and

including dismissal of his case. Moreover, Plaintiff's motion to compel is styled in the form of an objection and a demand for Defendants to act, and provisionally threatens to file a *future* motion if they do not act, while confusingly also asking the Court to grant relief now. As such, it would appear to violate E.D. Mich. Local Rules 26.2, which prohibits the filing of certain discovery material, and 37.2, which requires a verbatim recitation of or the attachment of the discovery responses at issue to a motion to compel (although Plaintiff is presently prohibited from filing any such motion). It also, once again, fails to comply with Local Rules 7.1 and 37.1's requirements to hold a conference seeking concurrence before filing a discovery motion. Plaintiff has previously been warned about this from the bench and by court order. (ECF No. 54, PageID.697 ¶ 4.) If he is using artificial intelligence, it apparently knows nothing of this Court's prior orders or its local rules. Plaintiff has been warned about that as well. (ECF No. 32, PageID.229-230.)

**II. Motion to Appoint Counsel (ECF No. 57)**

Plaintiff's motion to appoint counsel (ECF No. 57), *which the Court treats as independent from the prohibition against filing motions*, **is DENIED WITHOUT PREJUDICE** for several reasons: (1) It is supported by an invalid declaration, as it is not actually signed; (2) Plaintiff has yet to support any of his allegations of health conditions interfering with his ability to litigate this case with

actual medical records, and his own word as a layman can only go so far in supporting his claim of disability; and, (3) Courts do not have authority to appoint counsel in civil cases such as this one, but may only attempt to recruit *pro bono* counsel in exceptional circumstances. 28 U.S.C. § 1915(e)(1); *Bennett v.* Smith, 110 F. App'x 633, 635 (6th Cir. 2004). Plaintiff's case is not nearly as complicated as he portrays it to be, but to the extent it has become or is complicated, it is a complication of his own making, as shown throughout this record. Moreover, Plaintiff's alleged inability to litigate on his own behalf appears to be selective, as he has filed a steady stream of motions and been able to serve multiple sets of discovery on his opponents, all while claiming that he is somehow unable to *answer* discovery from his opponents or sit for a deposition. He will not be permitted to use the discovery rules as an offensive sword to obtain information from his opponents, while at the same time employing those same rules to defensively shield himself from having to provide any discovery. His claimed inabilities are belied by his actions.

## III. Additional Admonition

Plaintiff was previously informed: "[H]e should read this Court's local rules, because several of his filings do not comply with E.D. Mich. LR 5.1's formatting requirements and/or E.D. Mich. LR 7.1's requirement for seeking concurrence. **Plaintiff is hereby warned that any filings that do not comply**

**with these rules or with this Order will be stricken.**" (ECF No. 54, PageID.698 ¶ 6. (emphases in original).) The fact that his filings continue to arrive single-spaced, as opposed to the double-spaced format as required by E.D. Mich. Local Rule 5.1, tells the Court that he is neither reading nor obeying the Court's orders and is neither reading nor obeying its Local Rules. While the Court chooses to decide these two motions – notwithstanding the Court's prohibition against Plaintiff filing more motions before his deposition takes place and notwithstanding his failure to comply with this Court's Local Rules – Plaintiff is, yet again, reminded of the risk that his filings will simply be stricken if he does not heed the multiple oral and written warnings he has already been given directing him to read and comply with this Court's Local Rules, including E.D. Mich. LR 5.1.

Once again, with or without counsel, "Plaintiff shall appear for his deposition on **October 15, 2026 at 1:00 p.m.** at AAHC, 2000 South Industrial Highway, Ann Arbor, MI 48104." (*Id.*, PageID.696, para.2 (emphasis in original).)

It is **SO ORDERED**.

Dated: September 22, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE