UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHANALE ADAMS,

Plaintiffs,

v.

MICHIGAN ABILITY PARTNERS, ANN ARBOR HOUSING COMMISSION, and JOHN DOES,

Defendants.
_______________________________/

Case No. 2:25-cv-13205

District Judge Brandy R. McMillion
Magistrate Judge Anthony P. Patti

**ORDER DENYING DEFENDANT MICHIGAN ABILITY PARTNERS' MOTION FOR RELIEF FROM THE COURT'S ORDER CONCERNING PLAINTIFF'S DEPOSITION AND/OR FOR A PROTECTIVE ORDER**

On September 3, 2026, this Court entered an order, which addressed several motions and stated, *inter alia*:

> No later than **September 17, 2026**, Plaintiff shall provide full and complete answers and responses – each without objections – to Defendant MAP's interrogatories and requests for production of documents (see ECF No. 43-6), in full compliance with Fed. Rules Civ. P. 33(b) and 34(b)(2). Moreover, Plaintiff shall appear for his deposition on **October 15, 2026 at 1:00 p.m.** at AAHC, 2000 South Industrial Highway, Ann Arbor, MI 48104. If Plaintiff does not comply with these requirements, then Defendants should seek concurrence to file a motion for sanctions, as specified in Fed. R. Civ. P. 37(b)(2)(A)(v), up to and including dismissal of the case. To be clear, the Undersigned intends to recommend dismissal of this lawsuit if Plaintiff does not comply with the Court's order, as well as potential other sanctions. Indeed, Plaintiff should reach Fed. R. Civ. P. 37(b) ("Failure to Comply with a Court Order.") in its entirety, as well as Fed. R. Civ. P. 37(d) ("Party's Failure to Attend Own Deposition").

(ECF No. 54, PageID.696-697 ¶ 2 (emphases in original).)

Since the entry of that order, Defendants have filed multiple motions to dismiss. (See ECF Nos. 59, 62, 64.) Currently before the Court is Defendant MAP's motion for relief from the Court's order concerning Plaintiff's deposition and/or for a protective order. (ECF No. 65.) Upon consideration, Defendant MAP's motion (ECF No. 65) is **DENIED**. Among other things the Court will need to consider when discerning Defendant AAHC's October 1, 2026 motion to dismiss for violation of court order and failure to provide discovery (ECF No. 62) and Defendant MAP's October 13, 2026 motion to dismiss Plaintiff's amended complaint pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) and Fed. R. Civ. P. 41(b) (ECF No. 64) is whether Plaintiff shows up for his October 15, 2026 deposition, as contemplated by Fed. R. Civ. P. 37(d). Even if Plaintiff does show up for his deposition and provide some testimony, the Court may still permit continuation of his deposition (or a second deposition) based upon his alleged failure to provide written discovery. **To be clear, Plaintiff must appear for his deposition when and as noticed by Defendants.**

**IT IS SO ORDERED.**[1]

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Dated:

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE