**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

STEPHANALE ADAMS,

Plaintiff,

v.

MICHIGAN ABILITY PARTNERS,
ANN ARBOR HOUSING COMMISSION,
JOHN DOE

Defendants.
_______________________________ /

Case No. 2:25-cv-13205

Hon. Brandy R. McMillion
United States District Judge

Hon. Anthony P. Patti
United States Magistrate Judge

**ORDER OVERRULING DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S ORDER**

Plaintiff Stephanale Adams ("Adams") filed this *pro se* civil action against Defendants Michigan Ability Partners ("MAP"), Ann Arbor Housing Commission ("AAHC"), and various unidentified John Doe employees of MAP and AAHC (collectively, "Defendants"), alleging federal and state constitutional violations relating to his housing. *See generally* ECF No. 1. The case was referred to Magistrate Judge Anthony P. Patti for all pretrial proceedings. ECF No. 21. Before the Court is Defendants' Objections to the Magistrate Judge's Order denying its motion seeking relief from the Court's previous orders concerning Plaintiff's deposition and requesting a stay of that deposition which was ordered to occur on October 15, 2026. *See* ECF No. 70.

The Court has reviewed the Magistrate Judge's Orders, the Objection, as well as the record in this matter, and the Objection (ECF No. 70) is **OVERRULED**.

* * * *

District courts may "reconsider" a magistrate judge's decision on a non-dispositive "pretrial matter" only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). *See also* Fed. R. Civ. P. 72(a). "A factual finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Bisig v. Time Warner Cable, Inc.,* 940 F.3d 205, 219 (6th Cir. 2019) (cleaned up). "[A]n order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id*. (cleaned up).

The premise of Defendants' Objection is that the Magistrate Judge's ruling on its motion to relieve them of having to take Plaintiff's objection was clearly erroneous. The Court disagrees. The Magistrate Judge aptly considered Plaintiff's position and ruled that in order for him to consider the pending motions to dismiss, he rightfully needed to know if Plaintiff appears for his deposition. ECF No. 67, PageID.959. Defendants argue that Plaintiff has already failed to provide discovery responses which would make the deposition meaningless, and while that may be true, the Magistrate Judge's September 3, 2026 Order not only required Plaintiff to respond to discovery, but it also ordered his appearance at the October 15 deposition.

Until that event occurs (or doesn't), the Magistrate Judge cannot rule on dismissal for failure to comply with Court orders pursuant to Fed. R. Civ. P. 37. Therefore, Defendants fail to show that Magistrate Judge Patti's ruling was clearly erroneous or contrary to law. Fed. R. Civ. P. 72.

* * * *

The Court, having reviewed Magistrate Judge Patti's rulings, finds nothing about the order was contrary to law or clearly erroneous, the Court will therefore overrule Defendants' objections. Accordingly, **IT IS HEREBY ORDERED** that Defendants' Objection (ECF No. 70) is **OVERRULED**.

**IT IS FURTHER ORDERED** that as required by Magistrate Judge Patti's prior orders, Plaintiff shall appear for his deposition as noticed on October 15, 2026.

**IT IS SO ORDERED**.

Dated: October 15, 2026

s/Brandy R. McMillion
Hon. Brandy R. McMillion
United States District Judge