UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

STEPHANALE ADAMS,

Plaintiff,

v

MICHIGAN ABILITY PARTNERS (MAP), ANN ARBOR HOUSING COMMISSION (AAHC), et al.,

Defendants.

Case No. 25-13205
Hon. Brandy R. McMillion

Stephanale Adams
*Pro Se* Plaintiff
900 S. Maple, Apt. 7
Ann Arbor, MI 48103
(734) 834-6721
adamsstephanale@gmail.com

STARR BUTLER, PLLC
Ryan J. Koss (P79893)
Fadi Charaf-Eddine (P87284)
Attorneys for Michigan Ability Partners
20700 Civic Center Dr., Ste. 290
Southfield, MI 48076
(248) 554-2700
rkoss@starrbutler.com
fcharaf-eddine@starrbutler.com

COLLINS EINHORN FARRELL PC
Matthew A. Brauer (P46082)
Attorneys for AAHC
4000 Town Center, 9th Floor
Southfield, MI 48075
(248) 355-5151
matthew.brauer@ceflawyers.com

**DEFENDANT MICHIGAN ABILITY PARTNERS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO RECOGNIZE DISCOVERY COMPLIANCE, OVERRULE IMPROPER DISCOVERY OBJECTIONS, AND ADDRESS DEFENDANTS' OUTSTANDING DISCOVERY DEFICIENCIES**

NOW COMES Defendant, Michigan Ability Partners ("MAP"), through its attorneys, Starr Butler, PLLC, for its Response in Opposition to Plaintiff Stephanale Adams' ("Plaintiff") Motion to Recognize Discovery Compliance, Overrule Improper Discovery Objections, and Address Defendants' Outstanding Discovery Deficiencies [ECF No. 83].

For the reasons set forth in the attached brief, and in MAP's prior Response, Brief, and Exhibits [ECF No. 86], which MAP incorporates by reference, Defendant MAP respectfully requests that this Court strike or deny Plaintiff's motion, order Plaintiff to show cause why he should not be held in contempt and/or sanctioned, and dismiss Plaintiff's Amended Complaint with prejudice.

Respectfully submitted,

STARR BUTLER, PLLC

By: /s/ Ryan J. Koss
Ryan J. Koss (P79893)
Fadi Charaf-Eddine (P87284)
Attorneys for Michigan Ability Partners
20700 Civic Center Dr., Ste. 290
Southfield, MI 48076
(248) 554-2700
rkoss@starrbutler.com
fcharaf-eddine@starrbutler.com

Dated: November 25, 2026

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

STEPHANALE ADAMS,

Plaintiff,

v

MICHIGAN ABILITY PARTNERS (MAP), ANN ARBOR HOUSING COMMISSION (AAHC), et al.,

Defendants.

Case No. 25-13205
Hon. Brandy R. McMillion

Stephanale Adams
*Pro Se* Plaintiff
900 S. Maple, Apt. 7
Ann Arbor, MI 48103
(734) 834-6721
adamsstephanale@gmail.com

STARR BUTLER, PLLC
Ryan J. Koss (P79893)
Fadi Charaf-Eddine (P87284)
Attorneys for Michigan Ability Partners
20700 Civic Center Dr., Ste. 290
Southfield, MI 48076
(248) 554-2700
rkoss@starrbutler.com
fcharaf-eddine@starrbutler.com

COLLINS EINHORN FARRELL PC
Matthew A. Brauer (P46082)
Attorneys for AAHC
4000 Town Center, 9th Floor
Southfield, MI 48075
(248) 355-5151
matthew.brauer@ceflawyers.com

**BRIEF IN SUPPORT OF DEFENDANT MICHIGAN ABILITY PARTNERS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO RECOGNIZE DISCOVERY COMPLIANCE, OVERRULE IMPROPER DISCOVERY OBJECTIONS, AND ADDRESS DEFENDANTS' OUTSTANDING DISCOVERY DEFICIENCIES**

# TABLE OF CONTENTS


INDEX OF AUTHORITIES .......... ii

CONCISE STATEMENT OF THE ISSUE PRESENTED .......... iv

I. INTRODUCTION .......... 1

II. FACTUAL BACKGROUND .......... 2

III. LEGAL STANDARD .......... 4

IV. ARGUMENT .......... 5

A. Plaintiff's Motion Violates the Court's Orders. .......... 5

B. Plaintiff Did Not Seek Concurrence, in Violation of LR 7.1(a), LR 37.1, and ECF Nos. 32, 54, 61 .......... 6

C. Plaintiff Is Not Entitled to an Order "Recognizing" Discovery Compliance That Has Not Occurred .......... 8

D. Plaintiff's Request to Overrule Objections and Compel Supplementation Fail on the Merits .......... 9

E. Plaintiff Should Be Ordered to Show Cause and His Amended Complaint Dismissed .......... 10

V. CONCLUSION .......... 12

# INDEX OF AUTHORITIES

**Cases:**

*Chambers v. NASCO, Inc.*,
501 U.S. 32, 44-45 (1991) ....................11

*Farrar v. Lapan*,
No. 22-1908, 2023 WL 3151093, at *1 (6th Cir. Apr. 28, 2023) ....................11

**Federal Rules:**

Fed. R. Civ. P. 12(b)(6) ....................3

Fed. R. Civ. P. 26 ....................2, 5

Fed. R. Civ. P. 26(f) ....................2

Fed. R. Civ. P. 27 ....................5

Fed. R. Civ. P. 28 ....................5

Fed. R. Civ. P. 29 ....................5

Fed. R. Civ. P. 30 ....................5

Fed. R. Civ. P. 31 ....................5

Fed. R. Civ. P. 32 ....................5

Fed. R. Civ. P. 33 ....................2

Fed. R. Civ. P. 33(b) ....................8

Fed. R. Civ. P. 34 ....................2

Fed. R. Civ. P. 34(b)(2) ....................8

Fed. R. Civ. P. 36 ....................2

Fed. R. Civ. P. 36(a)(4) .......... 10

Fed. R. Civ. P. 37 .......... 2

Fed. R. Civ. P. 37(a)(1) .......... 4

Fed. R. Civ. P. 37(b)(2) .......... 6, 7

Fed. R. Civ. P. 37(b)(2)(A)(v) .......... 11

Fed. R. Civ. P. 41(b) .......... 6, 7, 11

**Local Rules:**

Local Court Rule 7.1(a) .......... 7

Local Court Rule 26.2 .......... 3

Local Court Rule 37.1 .......... 5

Local Court Rule 37.2 .......... 3, 5, 9, 10

## CONCISE STATEMENT OF THE ISSUES PRESENTED

1. Whether this Court should strike or deny Plaintiff's Motion to Recognize Discovery Compliance because it violates the Court's September 3, 2026 and September 22, 2026 Orders, including the requirement that Plaintiff seek concurrence before any motion practice and the warning that noncompliant filings will be stricken?

   Defendant's Answer: YES

   Plaintiff's Answer: NO

2. Whether this Court should deny Plaintiff's request for an order "recognizing" his discovery compliance where Plaintiff still has not served full and complete written answers and responses to MAP's interrogatories and requests for production as ordered by the Court?

   Defendant's Answer: YES

   Plaintiff's Answer: NO

3. Whether Plaintiff should be ordered to show cause why he should not be held in contempt and/or sanctioned, and his Amended Complaint dismissed, for his continued violations of the Court's Orders, as the Court warned in ECF Nos. 54 and 61?

   Defendant's Answer: YES

   Plaintiff's Answer: NO

# I. INTRODUCTION

Plaintiff Stephanale Adams' ("Plaintiff") Motion to Recognize Discovery Compliance is just the latest regurgitation in a series of frivolous motions filed outside the procedure prescribed by the Federal Rules of Civil Procedure and this Court's Rules and orders. Less than two weeks after filing another Motion to Compel, Plaintiff filed two more discovery motions without seeking MAP's concurrence. [ECF No. 83]; [ECF No. 84]. **Plaintiff has now filed *12* motions in this case, and hasn't sought concurrence once**.

Plaintiff asks the Court to "recognize" that Plaintiff has "substantially complied" with his discovery obligations. ***He has not.*** The Court ordered Plaintiff to provide full and complete written answers and responses to MAP's interrogatories and requests for production by September 17, 2026. Plaintiff has not done so. His attendance at his court-ordered deposition and emailing of inoperable videos and a PDF containing MAP's production are not a substitute for Court ordered, verified interrogatory answers and written responses with a full production of documents.

The balance of Plaintiff's motion to recognize discovery compliance simply argues the same requests to overrule MAP's objections and compel supplemental responses that Plaintiff already made in ECF Nos. 56, 80, and 84. The Court, *sua sponte*, denied the first effort to file this motion. [ECF No. 61]. Like the Court responded to that filing, Plaintiff's motions should be stricken or denied, and the

Court should dismiss Plaintiff's Amended Complaint as Plaintiff has clearly shown he is unwilling to cooperate or follow the Court's orders.

## II. FACTUAL BACKGROUND

MAP incorporates by reference the Factual Background set forth in its Response to Plaintiff's Motion to Compel. [ECF No. 86]. In summary, MAP served objections and responses to Plaintiff's premature first set of discovery requests on March 23, 2026, served supplemental answers and bates-stamped production after the Rule 26(f) conference, and answered Plaintiff's second set of discovery requests on June 26, 2026. [ECF No. 86, Exs. B, C, F]. The Court later ruled that MAP is not required to answer Plaintiff's third set of discovery requests. [ECF No. 54].

On September 3, 2026, the Court ordered Plaintiff to provide full and complete answers and responses to MAP's interrogatories and requests for production no later than September 17, 2026, ordered him to appear for his deposition on October 15, 2026, barred him from filing further motions until he attended his deposition, and precluded him from engaging in future motion practice without seeking concurrence. [ECF No. 54].

On September 17, 2026, Plaintiff filed a motion similar to this motion titled "Plaintiff's Objection to Defendant's Redacted Discovery Responses and Demand for Full, Unredacted Production" pursuant to Fed. R. Civ. P. 26, 33, 34, 36, and 37. [ECF No. 56].

On September 22, 2026, the Court *sua sponte* denied Plaintiff's motion to compel for failure to comply with Local Rules 7.1 and 37.1, noted that it appeared to violate Local Rules 26.2 and 37.2, and warned Plaintiff that further violations would require him to show cause why he should not be held in contempt and/or sanctioned, up to and including dismissal of his case. [ECF No. 61].

Since then, MAP has filed two motions to dismiss, one based on Fed. R. Civ. P. 12(b)(6) concerning Plaintiff's futile amended complaint, and one based on Plaintiff's repeated violations of this Court's orders and the Rules of Civil Procedure. [ECF Nos. 59, 64].

On November 2, 2026, Plaintiff filed another Motion to Compel Complete Discovery Responses, Overrule Defendants' Objections, and Determine the Sufficiency of Defendants' Answers to Requests for Admission and Interrogatories, dated November 1, 2026. [ECF No. 80]. Plaintiff also filed related exhibits. [ECF Nos. 81, 82].

On November 10, 2026, Plaintiff filed the present Motion to Recognize Discovery Compliance, Overrule Improper Discovery Objections, and Address Defendants' Outstanding Discovery Deficiencies. [ECF No. 83]. The motion states only that "Plaintiff requested concurrence regarding the relief sought herein" and that "[c]oncurrence was denied or otherwise not obtained." [ECF No. 83]. That's

false. Plaintiff's certificate of service states that he served the motion on November 8, 2026 "by electronic mail only." [ECF No. 83-1].

On November 12, 2026, Plaintiff filed yet another redundant Motion to Compel. [ECF No. 84], which bears the same title, contains the same introduction, factual background, legal standard, argument sections I through IX, relief requested, and list of proposed Exhibits A through L as ECF No. 80.

Despite not being properly served with Plaintiff's Motion to Compel, on November 16, 2026, MAP filed a Response in Opposition to ECF Nos. 80, 81, and 82. [ECF No. 86].

To date, Plaintiff has not provided full and complete written responses to MAP's interrogatories and requests for production of documents, nor has he produced all responsive documents, in violation of the Court's orders. [ECF Nos. 54, 61].

## III. LEGAL STANDARD

Fed. R. Civ. P. 37(a)(1) states, "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

"The movant must confer with the other parties and other persons entitled to be heard on the motion in good faith and in a manner that reasonably explains the basis for the motion and allows for an interactive process aimed at reaching agreement on the matter or those aspects of the matter that can be resolved without court intervention, given the nature of the contemplated motion." E.D. Mich. LR 7.1(a). Similarly, Local Court Rule 37.1 states, "with respect to all motions to compel discovery, counsel for each of the parties or a party without counsel shall confer in advance of the hearing in a good faith effort to narrow the areas of disagreement. . . . It shall be the responsibility of counsel for the movant or a party without counsel to arrange for the conference."

Furthermore, Local Court Rule 37.2 requires that "any discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37, shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion."

## IV. ARGUMENT

### A. Plaintiff's Motion Violates the Court's Orders.

The Court's September 3, 2026 Order imposed three independent requirements. First, it required Plaintiff to serve full and complete written responses, without objections, to MAP's interrogatories and requests for production by

September 17, 2026. [ECF No. 54]. Second, it barred Plaintiff from filing further motions until he attended his deposition. [*Id.* at ¶ 3]. Third, it precluded Plaintiff "from engaging in future motion practice without seeking concurrence required by the Court rules and the Court's protocol." [*Id.* at ¶ 4(c)]. Plaintiff's attendance at his deposition satisfied only the second requirement. The written-discovery obligation and the concurrence requirement remain in force, and Plaintiff has violated both, again, with the present motion.

The Court restricted Plaintiff's motion practice for a reason: he has used the discovery rules "as an offensive sword" while "employing those same rules to defensively shield himself from having to provide any discovery." [ECF No. 61]. The present motion is the exact filing the Court directed Plaintiff to cease. Plaintiff asks the Court to declare that he has complied with discovery, which he has not, while simultaneously asking the Court to compel MAP to provide more. The Court should strike Plaintiff's motion or alternatively deny it and dismiss Plaintiff's Amended Complaint with prejudice for his repeated violations of this Court's orders. Fed. R. Civ. P. 37(b)(2), 41(b).

### B. <u>Plaintiff Did Not Seek Concurrence, in Violation of LR 7.1(a), LR 37.1, and ECF Nos. 32, 54, 61</u>.

**Incredibly, Plaintiff has now filed *12* motions in this case! He hasn't sought concurrence once**.

E.D. Mich. LR 7.1(a) requires parties to meet and confer in good faith in an effort to resolve disputes without court action. This Court has been clear that Plaintiff must seek concurrence required by the Court rules and protocol before engaging in future motion practice. [ECF No. 32]; [ECF No. 54 at ¶ 4(c)]; [ECF No. 61]. The Court's protocol further provides that, before filing a motion to compel, the party seeking relief should first send a proposed stipulated order to the party owing discovery and attach it and the related correspondence to any motion, a requirement that is mandatory where discovery matters are referred to Magistrate Judge Patti. Plaintiff did neither.

Plaintiff's motion contains a one-sentence "Statement Regarding Concurrence" asserting that Plaintiff "requested concurrence" and that "[c]oncurrence was denied or otherwise not obtained." [ECF No. 83]. Plaintiff does not say when he requested concurrence, from whom, or how. He does not attach any correspondence or proposed stipulated order. That is because Plaintiff did not seek MAP's concurrence before filing his motion. Reciting the words of the rule is not compliance, just as Plaintiff's citation of "E.D. Mich. LR 7.1(a)" in ECF Nos. 80 and 84 was not compliance. [ECF No. 80]; [ECF No. 84]; [ECF No. 86]. Plaintiff's motion does not comply with this Court's orders and the local court rules and should be denied. Fed. R. Civ. P. 37(b)(2), 41(b).

### C. <u>Plaintiff Is Not Entitled to an Order "Recognizing" Discovery Compliance That Has Not Occurred</u>.

Plaintiff does not cite a rule or authority that permits a party to obtain an order "recognizing" his own discovery compliance. Regardless, the record does not support the relief Plaintiff seeks. Plaintiff asserts that he has "[a]nswered written discovery." [ECF No. 83]. ***That representation is untrue.*** [ECF No. 86]. Plaintiff again does not identify a date any interrogatory answers or written responses to MAP's requests for production were served, and attaches none to his motion. [ECF No. 83]. In reality, Plaintiff did not comply with the Court's order to produce written, verified discovery responses and responsive documents by September 17 [ECF No. 54], and does not plan on even trying to comply with that order before December 1. [ECF No. 85 at ex. G, pp. 217-18).

The items Plaintiff lists as having provided in this case are not what the Court ordered, either. Plaintiff points to his deposition, medical records, video evidence, "Exhibits A through L," and signed releases. [ECF No. 83]. Plaintiff's attendance at his deposition was separately compelled by the Court and does not satisfy his independent obligation to answer written discovery. [ECF No. 54]. Plaintiff's production of medical records, videos, or other documents—if any—is not a substitute for verified answers to interrogatories under Rule 33(b) and written responses under Rule 34(b)(2), which is what the Court ordered. [ECF No. 86]. The "video evidence" Plaintiff references consists of emails sent to MAP's counsel from

October 6 to October 10, 2026, two-and-a-half weeks after the Court's deadline, attaching unspecific, inoperable videos and a PDF without any content or discovery responses. [ECF No. 86, Ex. I]. While Plaintiff signed his outstanding authorizations during his deposition, any releases Plaintiff signed do not answer MAP's interrogatories or respond to its requests for production.

Plaintiff asks the Court to issue an order that would contradict its prior orders and the record. Plaintiff's request that the Court "[r]ecognize Plaintiff's substantial compliance" and "[a]cknowledge Plaintiff's production" should be denied. [ECF No. 83-1].

### D. Plaintiff's Request to Overrule Objections and Compel Supplementation Fail on the Merits.

The remaining relief sought in Plaintiff's motion — overruling "improper objections," requiring "complete supplemental responses," requiring production of "responsive documents not yet produced," and requiring complete responses to requests for admission and interrogatories — is the relief Plaintiff seeks in ECF Nos. 80 and 84. MAP has already addressed why Plaintiff's relief sought fails as a matter of law, which is incorporated by reference. [ECF No. 86].

Like Plaintiff's other Motions to Compel, Plaintiff's present motion does not quote a single interrogatory, request for production, request for admission, or response, and does not attach the discovery documents at issue, as LR 37.2 requires. [ECF No. 83]. Instead, it lists general topics such as "methamphetamine-related

complaints," "internal investigations," and "drug-use policies," and asks the Court to overrule unspecified objections "where appropriate." [ECF No. 83]; [ECF No. 83-1]. Neither MAP nor the Court can determine which requests are at issue or why any particular response is insufficient. The Court has already called Plaintiff's attention to LR 37.2. [ECF No. 61].

Even assuming *arguendo* the Court reaches the merits, there is nothing to compel. MAP answered and supplemented its answers to Plaintiff's written discovery with supplemental production of bates-stamped documents MAP000001-000198, and answered Plaintiff's second set of discovery. [ECF No. 86, Exs. C, F]. MAP answered Plaintiff's requests for admission, and where it could not admit or deny a request, it stated that it had made a reasonable inquiry and that the information it knew or could readily obtain was insufficient, as Rule 36(a)(4) permits. [ECF No. 86 at ex. K]; Fed. R. Civ. P. 36(a)(4). The Court has held that MAP is not required to answer Plaintiff's third set of discovery requests. [ECF No. 54]. Plaintiff's disagreement with MAP's denials is not a basis to compel. [ECF No. 61]. Plaintiff's motion should be denied.

### E. <u>Plaintiff Should Be Ordered to Show Cause and His Amended Complaint Dismissed.</u>

As MAP has outlined in response to other filings, and as the Court has made clear, continued violations of the concurrence rules would require Plaintiff "***to show cause why he should not be held in contempt and/or sanctioned, up to and***

***including dismissal of his case***." [ECF No. 61] (emphasis added). Since MAP filed its response to ECF No. 80, Plaintiff has filed ***two more motions without seeking concurrence***: one asking the Court to declare compliance that has not occurred, and one that is a carbon copy of a motion already pending and already opposed. [ECF No. 84]. **Plaintiff has now filed *12* motions, and hasn't sought concurrence once**. Plaintiff also continues to misrepresent to the Court that he has "[a]nswered written discovery," which is false. [ECF No. 83]. MAP has not received Plaintiff's written discovery responses, and Plaintiff has not provided the Court proof of such responses. Courts have inherent power to sanction parties for lying to the court, including the power to dismiss a party's case entirely. *Farrar v. Lapan*, No. 22-1908, 2023 WL 3151093, at *1 (6th Cir. Apr. 28, 2023) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)). Plaintiff clearly does not believe the Court Rules or this Court's orders apply to him. Plaintiff's violations require one outcome - dismissal.

MAP followed the Court's directive and filed a motion under Fed. R. Civ. P. 37(b)(2)(A)(v) and Fed. R. Civ. P. 41(b) seeking dismissal of Plaintiff's Amended Complaint with prejudice. [ECF No. 64]. Now that Plaintiff's deposition has occurred, that motion is ripe for decision. [ECF No. 71]. MAP once again respectfully asks the Court to grant dismissal of Plaintiff's Amended Complaint for the additional reasons indicated in this response.

## V. CONCLUSION

Defendant MAP respectfully requests that this Court strike or deny Plaintiff's Motion to Recognize Discovery Compliance, order Plaintiff to show cause why he should not be held in contempt and/or sanctioned, and dismiss Plaintiff's Amended Complaint with prejudice.

Respectfully submitted,

STARR BUTLER, PLLC

By: /s/ Ryan J. Koss
Ryan J. Koss (P79893)
Fadi Charaf-Eddine (P87284)
Attorneys for Michigan Ability Partners
20700 Civic Center Dr., Ste. 290
Southfield, MI 48076
(248) 554-2700
rkoss@starrbutler.com
fcharaf-eddine@starrbutler.com

Dated: November 25, 2026

**CERTIFICATE OF SERVICE**

The undersigned says that on November 25, 2026, she has caused to be served **Defendant Michigan Ability Partners' Response in Opposition to Plaintiff's Motion to Recognize Discovery Compliance, Overrule Improper Discovery Objections, and Address Defendants' Outstanding Discovery Deficiencies, Brief in Support of Response and this Certificate of Service** via first class mail upon *Pro Se* Plaintiff and via the Court's electronic file system upon all attorneys of record.

/s/ Kiersten Plane
Kiersten Plane